UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| The Bank of New York Mellon as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-57CB, Mortgage Pass-through Certificates, Series 2005-57CB,<br><br>                      Plaintiff<br><br>v.<br><br>Sunrise Ridge Master Homeowners Association; SFR Investments Pool 1, LLC; and Nevada Association Services, Inc.,<br><br>                      Defendants | Case No. 2:17-cv-00233-JAD-DJA<br><br>**Order Granting in Part Motions for Summary Judgment and Motion for Default Judgment, and Directing the Entry of Final Judgment**<br><br>[ECF Nos. 46, 47, 48] |

       The Bank of New York Mellon brings this action to challenge the effect of the 2013 non-judicial foreclosure sale of a home on which it claims a deed of trust. The bank sues the Sunrise Ridge Master Homeowners Association (HOA) and foreclosure-sale purchaser SFR Investments Pool 1, LLC, primarily seeking a declaration either that the sale was invalid or that SFR purchased the property subject to the bank's security interest.[1] SFR countersues for the opposite determination.

       Three motions are ripe for resolution.[2] The HOA moves for summary judgment, arguing that the bank's claims are time-barred or otherwise fail.[3] The bank moves for summary judgment on its quiet-title claim, theorizing that its predecessor-in-interest's tender of more than

---

[1] The bank also sued foreclosure agent Nevada Association Services, Inc. (NAS), and default was entered against NAS six months ago. *See* ECF No. 45.

[2] I find all of these motions suitable for resolution without oral argument. L.R. 78-1.

[3] ECF No. 47.

the superpriority portion of the HOA's lien saved its deed of trust from extinguishment.[4]  SFR asks for a default judgment against foreclosed-upon homeowner Cleotilda Cruz, declaring that she retains no interest in the property.[5]  Because I find that the bank's quiet-title claim is timely and that the tender preserved the deed of trust, I grant summary judgment in favor of the bank on the competing quiet-title claims and dismiss as moot the bank's claims that were contingent on its deed of trust being extinguished.  I then grant summary judgment in favor of the HOA on the bank's remaining deceptive-trade-practices claim because the record does not support it.  Finally, I grant SFR's request for a default judgment against Cruz, declaring her lack of interest in the property.

## Factual and Procedural Background

Cleotilda Cruz and Mhel Aguila Viloria purchased the home at 6428 Tumblegrass Court in Las Vegas, Nevada in 2005 with a loan from Ryland Mortgage, secured by a deed of trust that designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.[6]  MERS assigned that deed of trust "together with the note" to the Bank of New York Mellon in August 2012.[7]  The home is located in the Sunrise Ridge planned-unit development and subject to the declaration of covenants, conditions, and restrictions (CC&Rs) for the Sunrise Ridge Master Homeowners Association (the HOA).[8]

---

[4] ECF No. 48.
[5] ECF No. 46.
[6] ECF No. 48-1 (deed of trust).
[7] ECF No. 48-2 (assignment).
[8] ECF Nos. 48-1 at 16 (planned-unit development rider); 48-3 (recorded HOA governing documents).

The Nevada Legislature gave homeowners' associations a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure to enforce such a lien.[9] When the assessments on this home became delinquent, the HOA commenced non-judicial foreclosure proceedings on it under Chapter 116 in December 2011.[10]

**A.     The HOA rejected the bank's tender and foreclosed on the property.**

When MERS learned of the impending foreclosure in the Summer of 2012, its counsel, the law firm of Miles, Bauer, Bergstrom & Winters, LLP, sent a letter to the HOA dated July 25, 2012, explaining Miles Bauer's position that nine months' of common assessments pre-dating the notice of delinquent assessment (NOD) should be the sum required "to fully discharge" the bank's obligations to the HOA, and asking "what amount the nine months' of common assessments pre-dating the NOD actually are."[11] Miles Bauer's records reflect that the HOA's agent Nevada Association Services (NAS) was "unwilling to provide . . . HOA payoff ledgers" for fear of violating the Fair Debt Collection Practices Act, so Miles Bauer made a "good-faith" estimate of the superpriority amount by referencing an account ledger from another home in the Sunrise Ridge neighborhood.[12] It estimated that the quarterly assessment was $126, so nine months of assessments would total $378.[13] It added "[r]easonable collection costs" of $581.78

---

[9] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

[10] ECF No. 48-6 (notice of lien for delinquent assessments); ECF No. 48-7 (notice of default and election to sell under homeowners' association lien); ECF No. 48-8 (notice of foreclosure sale); and ECF No. 48-11 (foreclosure deed).

[11] ECF No. 48-9 at 10–11.

[12] *Id*. at 15–16.

[13] *Id*. at 16.

and tendered a check to NAS for $959.78 along with an August 9, 2012, letter explaining this math.[14]

Miles Bauer's records reflect that the check was rejected.[15] The HOA foreclosed on the property on June 21, 2013,[16] and SFR was the winning bidder at $18,000.[17] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[18]

**B.    The bank's claims**

The bank filed this action to save its deed of trust from extinguishment, pleading claims for quiet title, breach of NRS 116.1113, wrongful foreclosure, and deceptive trade practices.[19] The NRS 116.1113 and wrongful-foreclosure claims are contingent claims seeking damages only "[i]f it is determined" that the foreclosure sale extinguished the bank's deed of trust.[20] SFR filed a counterclaim and crossclaim against the bank and Cruz, respectively, for quiet title.[21]

---

[14] *Id*. at 15–19.

[15] *Id*. at 8.

[16] *Id*. at 48-11.

[17] ECF No. 48-12.

[18] *SFR I*, 334 P.3d at 419.

[19] ECF No. 1. The bank also asserts a claim for injunctive relief, which I construe as a prayer for preliminary injunctive relief because injunctive relief is remedy, not an independent cause of action. This claim is asserted only against SFR. The resolution of the quiet-title claim in favor of the bank also moots the need for preliminary injunctive relief against SFR because it leaves no claims pending against SFR.

[20] *Id.* at ¶¶ 55, 64.

[21] Like the bank, SFR separates its claims into one for quiet-title and one for injunctive relief. *See* ECF No. 14 at 14–15. Like the bank's claim for injunctive relief, I construe SFR's as merely additional relief sought for its quiet-title claim. *See supra* note 19.

4

I find that the competing quiet-title claims are the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[22]  The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[23]

**Discussion**

**A.  The bank's quiet-title claim is timely.**

Before I turn to the bank's motion for summary judgment on its quiet-title claim, I address the preliminary issue of that claim's timeliness.  The HOA opens its motion for summary judgment with the sweeping argument that all of the bank's claims are "time-barred by [the] three-year statute of limitations" in NRS 11.190(3).[24]  It offers no analysis of why NRS 11.190(3) applies to the bank's equitable quiet-title claim.[25]  That statute governs actions "upon a liability created by statute, other than a penalty or forfeiture."[26]  But the bank's claim is not an action upon a liability created by statute; it is an equitable action to determine adverse interests in real property, as codified in NRS 40.010.[27]  Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute.  The statute merely allows for a

---

[22] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[23] *Id*. at 1112.

[24] ECF No. 47 at 3.

[25] *Id*.

[26] Nev. Rev. Stat. § 11.190(3)(a).

[27] *Shadow Wood HOA*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

proceeding to determine adverse claims to property. So NRS 11.090(3)(a) does not govern the bank's quiet-title claim.[28]

As I have held in numerous cases and here again, the statute of limitations for equitable quiet-title claims like the bank's is four years.[29] Because the bank filed this action less than four years after the foreclosure sale, its quiet-title claim is timely.

**B.     The bank's motion for summary judgment [ECF No. 48]**

The bank offers six reasons why I must hold that the HOA foreclosure sale did not extinguish its deed of trust: (1) the Miles Bauer tender more than satisfied the superpriority portion of the lien, so under the Nevada Supreme Court's ruling in *Bank of America v. SFR Investments Pool 1, LLC* (known as the *Diamond Spur* case),[30] SFR took the property subject to the deed of trust; (2) even if the bank hadn't tendered the superpriority lien amount, its offer to do so was enough to preserve the deed of trust because it was well known that NAS would have rejected it; (3) the sale is void because it violated the automatic stay imposed by Cruz's bankruptcy; (4) the sale must be set aside because the price was grossly inadequate and the sale was unfair and oppressive; (5) Nevada's HOA foreclosure scheme was facially unconstitutional; and (6) the sale violated the bank's due-process rights as applied.[31] SFR opposes the motion,[32]

---

[28] The Nevada Supreme Court held just this month in an unpublished order that NRS 11.190(3)(a)'s three-year limitations period does not apply to such quiet-title claims because "a quiet title action does not seek to hold anyone liable, but instead simply seeks a determination regarding the parties' respective rights with regard to the subject property." *U.S. Bank Trust, N.A. v. SFR Invs. Pool 1, LLC*, 2020 WL 1903156, at *1 (Nev. Apr. 16, 2020).

[29] *See Bank of New York Mellon v. 4655 Gracemont Ave. Tr.*, 2019 WL 1598745, at *3–5 (D. Nev. Apr. 12, 2019). I incorporate the statute-of-limitations analysis from *Gracemont* as though set forth fully herein.

[30] *Bank of Amer. v. SFR Invs. Pool 1, LLC* ("*Diamond Spur*"), 427 P.3d 113 (Nev. 2018).

[31] ECF No. 48.

[32] ECF No. 49.

6

and the HOA joins in that opposition.[33]  Because I find that the bank is entitled to summary judgment on its quiet-title claim based on the tender theory, I do not reach the remaining arguments.

### *1.     Summary-judgment standards*

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[34]  When the plaintiff moves for summary judgment on one of its claims, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[35]  The burden then shifts to the defendant to "set forth specific facts showing that there is a genuine issue for trial."[36]  Although the court must view all facts and draw all inferences in the light most favorable to the nonmoving party, "a scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."[37]

### *2.     Tender of the full superpriority amount saved the deed of trust from extinguishment.*

The bank contends that its predecessor's tender of $959.78—which consists of nine months' worth of HOA assessments on this property ($378) plus "reasonable collection costs" of $581.78—makes this case procedurally identical to *Bank of America v. SFR Investments Pool 1*,

---

[33] ECF No. 53.

[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[35] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[36] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[37] *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

*LLC* ("*Diamond Spur*"), in which the Nevada Supreme Court, sitting en banc, held that a nearly identical "tender cured the default as to the superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion[,] . . . [and the foreclosure-buyer] purchased the property subject to [the] deed of trust."[38] The *Diamond Spur* Court explained that "[a] valid tender of payment operates to discharge a lien or cure a default."[39] Although a valid tender requires payment in full, for purposes of satisfying an HOA's superpriority lien and thus saving a deed of trust from extinguishment under the version of the foreclosure statute then in effect, the bank needed to pay only "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."[40] Because the bank paid nine months' worth of assessments based on the HOA's information "and the HOA did not indicate that the property had any charges for maintenance or nuisance abatement," the *Diamond Spur* Court found that, "[o]n the record presented, this was the full superpriority amount."[41]

*Diamond Spur* is dispositive of this case and compels summary judgment in favor of the bank on its equitable quiet-title claim.[42] The record shows without genuine controversy that

---

[38] *Bank of Amer. v. SFR Investments Pool 1, LLC (Diamond Spur)*, 427 P.3d 113, 121 (Nev. 2018).

[39] *Diamond Spur*, 427 P.3d at 117.

[40] *Id*. (citing 116.3116(2) and *SFR I*, 334 P.3d at 412).

[41] *Id.* at 118.

[42] This conclusion is further supported by the Ninth Circuit's decision in *Bank of America v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620 (2019), in which the panel applied *Diamond Spur* to validate a materially identical tender. *See id.* at 623 ("the bank's tender plainly satisfied the superpriority portion of Arlington West's lien. Based on the ledger provided by Arlington West, the bank tendered what it calculated to be nine months of HOA dues ($423), and Arlington West does not dispute that this amount was correctly calculated. The ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement, which are the only other fees that could have been included in the superpriority amount. The tender thus was sufficient.").

8

Miles Bauer validly tendered more than the full amount of the superpriority lien to the HOA. The only charges that could comprise the superpriority portion of the HOA's lien were "charges for maintenance and nuisance abatement, and nine months of unpaid assessments."[43] The HOA's ledger, authenticated by custodian of records Susan Moses, reflects that the quarterly assessment was $126 and that no charges were assessed for maintenance or nuisance abatement.[44] At $126 per quarter, nine months of assessments would have totaled $378. Miles Bauer tendered to the HOA $581.78 more than that and made it clear that it was sending nine months of assessments plus $581.78 in collection costs.[45] On this record, Miles Bauer's tender more than satisfied the full superpriority portion of the lien. So, as the Nevada Supreme Court held in *Diamond Spur*, the foreclosure sale on the entire lien resulted in a void sale as to the superpriority portion. The "first deed of trust [thus] remained after foreclosure," and "the HOA could not convey full title to the property."[46]

### *3.  The tender was not impermissibly conditional.*

SFR argues that the Miles Bauer tender was impermissibly conditional and "incorrectly defined the superpriority portion" of the lien.[47] The letter sent with the check stated that the payment was "a non-negotiable amount and [that] any endorsement . . . will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [the deed-of-trust holder's] financial obligations towards the HOA in regards to" the property

---

[43] *Diamond Spur*, 427 P.3d at 117 (citing 116.3116(2) and *SFR I*, 334 P.3d at 412).
[44] ECF No. 48-10 at 3.
[45] *Id*.
[46] *Diamond Spur*, 427 P.3d at 121.
[47] ECF No. 49 at 20.

"have now been 'paid in full.'"[48]  SFR argues that it was improper for Miles Bauer to so insist because the payment "exclud[ed] any other amounts that could compose the superpriority portion of the lien" like charges related to maintenance and nuisance/abatement.[49]

But the record does not reflect—and SFR does not demonstrate—that there were any maintenance or nuisance-abatement charges in the superpriority amount for this property.  SFR points to a December 3, 2012, assessment for $225, which Moses testified "could be" a charge for maintenance or nuisance abatement."[50]  Even if this $225 charge were for maintenance or nuisance abatement, the timing of its assessment puts it outside the superpriority amount because the notice of delinquent assessments, which set the outside date for the nine-month look-back period for calculating the superpriority portion of the lien that this HOA foreclosed on,[51] was recorded on December 29, 2011—nearly a year before this $225 mystery charge was assessed.  And Miles Bauer sent that letter four months before the charge came into existence.[52]  So, as the *Diamond Spur* Court expressly held when considering verbatim language in the Miles Bauer tender letter in that case, the bank "had a legal right to insist on" the condition because "acceptance of the tender would satisfy the superpriority portion of the lien, preserving" the bank's interest in the property.[53]  Because the Nevada Supreme Court has found that the Miles Bauer form letter used in this case does not invalidate an otherwise proper tender of the

---

[48] ECF No. 48-9 at 16.

[49] ECF No. 49 at 21.

[50] *Id*. (citing ECF No. 49-1 at 8 and generally to ECF No. 49-2).

[51] *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 732 (Nev. 2017) (explaining that the superpriority portion of the lien is calculated based on "the unpaid assessments that accrued in the months preceding the notice of lien").

[52] *See* ECF No. 48-9 at 15 (letter dated August 9, 2012).

[53] *Diamond Spur*, 427 P.3d at 118.

superpriority portion of an HOA lien, SFR's arguments that this language was impermissible fail.

### 4. *The record establishes the bank's entitlement to summary judgment.*

Finally, SFR argues that the bank's evidence of tender is insufficient to eliminate a genuine issue of fact.[54] But the Miles Bauer evidence, which this court has now seen in dozens of these HOA-foreclosure cases, and which is being replicated across hundreds of cases in Nevada's state and federal courts, sufficiently establishes that tender was made and rejected. Douglas E. Miles's affidavit is heavily detailed, relates specifically to this property, and establishes that Mr. Miles is qualified to lay a foundation for the admissibility of the tender documents under the business-records exception to the hearsay rule.[55] Miles provided a computerized record that reflects that the check was sent and returned,[56] and SFR offers nothing but speculation to suggest that this did not occur.

The record also establishes that the bank paid the entire superpriority amount—in fact, it overpaid. HOA records provided by SFR undisputedly establish that nine months of assessments leading up to the notice of lien totaled $378, as Miles Bauer accurately guessed,[57] and that there were no charges for maintenance or nuisance abatement within the superpriority amount.[58] When Miles Bauer tendered a check for $959.78 in August 2012, the total outstanding balance

---

[54] ECF No. 49 at 21.

[55] ECF No. 48-9.

[56] *Id*. at 8.

[57] ECF No. 48-9 at 15 (Miles Bauer letter); ECF No. 49-2 at 10 (HOA ledger).

[58] *See supra* at p. 10; *see also O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)) (the summary-judgment burden requires "more than mere speculation, conjecture, or fantasy.").

11

on the account, including late fees (which are not included in the superpriority amount), was just $810.[59]  So the bank's tender more than satisfied the superpriority portion of the lien.

The bank's demonstration that the tender satisfied the superpriority portion of the lien, preserving the deed of trust, dictates summary judgment in its favor on the competing quiet-title claims.[60]  So I grant summary judgment in favor of the bank on both its quiet-title claim based on the tender theory and on SFR's counterclaim.

**C.     The bank's remaining quiet-title theories and contingent claims are dismissed.**

The resolution of the quiet-title claims in the bank's favor based on this tender theory moots its other quiet-title theories.  So I dismiss those remaining theories as moot.  And because I find that the tender preserved the bank's deed of trust such that it was not extinguished by the foreclosure sale, the bank's alternative claims against the HOA and NAS for breach of NRS 116.1113 and wrongful foreclosure are also moot.  Both are conditioned on the failure of the bank's quiet-title claim as they state, "[i]f it is determined the HOA's foreclosure sale extinguished the senior deed of trust . . . [these] actions will cause [the bank] to suffer general and special damages . . . ."[61]  Because that condition now cannot materialize, I sua sponte dismiss the bank's second and third causes of action.[62]

---

[59] ECF No. 49-2 at 10 (reflecting a balance on 7/30/2012 of $810, which increased to $820 on 8/30/2012).

[60] Although the bank moved for summary judgment solely on its own quiet-title claim, the success of the bank's tender theory is also the downfall of SFR's other-side-of-the-same-coin claim, and the parties had a "full and fair opportunity to ventilate the [tender] issues," so this court has the power to extend summary judgment to SFR's counterclaim.  *Arce v. Douglas*, 793 F.3d 968, 976 (9th Cir. 2015) (quoting *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989), and citing *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014)).

[61] ECF No. 1 at ¶¶ 55, 64.

[62] Because I dismiss these contingent claims for this reason, I need not and do not reach the HOA's arguments for summary judgment on them.

**D.     The HOA's Motion for Summary Judgment [ECF No. 47]**

The grant of summary judgment on the quiet-title claims and dismissal of the bank's contingent claims moots most of the HOA's motion for summary judgment. But the bank's deceptive-trade-practices claim remains, so I consider the HOA's arguments against it.[63]

The HOA first contends that Nevada's deceptive trade practices statute, NRS 598, does not apply to nonjudicial foreclosures because the statute only applies to good and services, not real estate.[64] Some deceptive trade practices do involve the sale or lease of goods or services, like those proscribed by NRS 598.0923(2)–(3),[65] but the bank has not identified facts to support such a claim. So I grant summary judgment in favor of the HOA on the portion of the bank's deceptive-trade-practices claim based on NRS 598.0923(2)–(3).

But the bank also relies on NRS 598.0915(15) and NRS 598.092(8),[66] which do not appear to limit deceptive trade practices to goods or services. The HOA contends that these claims fail because it did not knowingly misrepresent anything, and regardless, the bank didn't rely on any misrepresentations.[67] The bank responds by pointing to the HOA's agent NAS's blanket policy of rejecting superpriority-portion payoffs anytime the check came with a condition—and every superpriority check received during this timeframe had conditions.[68] But

---

[63] To the extent that the HOA argues that this claim is barred by the three-year limitations period in NRS 11.190(3), the HOA is wrong. A deceptive-trade-practices claim is clearly governed by the four-year limitations period in Nev. Rev. Stat. § 11.190(2)(d) (which applies to "[a]n action against a person alleged to have committed a deceptive trade practice in violation of NRS 598.0903 to 598.0999, inclusive . . .").

[64] ECF No. 47 at 13.

[65] ECF No. 1 at ¶ 78.

[66] *Id.* at ¶¶ 76, 77.

[67] ECF No. 47 at 14–15.

[68] ECF No. 50 at 14.

13

the bank does not show that any representation by the HOA or NAS was knowingly false, or that the bank acted in reliance on such representations. Indeed, the record reflects that the bank tendered a check *despite* NAS's refusal to provide it with the superpriority amount and NAS's policy of rejecting such payments. So I grant summary judgment in favor of the HOA on the bank's deceptive-trade-practices claim.

**E.    SFR's Motion for Default Judgment against Cruz [ECF No. 46]**

Finally, I consider SFR's motion for default judgment on its crossclaim against foreclosed-upon homeowner Cleotilda Cruz, against whom the Clerk of Court has entered default.[69] SFR prayed for a declaration and determination that, inter alia, Cruz has no "right, title, or interest in the property," having lost it at foreclosure.[70] I find that this scope of relief—but no more—is warranted in light of the success of the bank's tender theory. So I grant the motion in part and enter judgment against Cruz and declare that Cruz has no right, title, or interest in the property as a result of the foreclosure sale and that SFR owns the property subject to the deed of trust.

**Conclusion**

The net effect of this order is that the bank is entitled to summary judgment in its favor on its quiet-title claim and SFR's quiet-title claim based on a tender theory, and its remaining quiet-title theories are dismissed as moot, as are the bank's claims for breach of NRS 116.1113 and wrongful foreclosure. The HOA is entitled to summary judgment on the bank's fifth cause

---

[69] ECF No. 45.

[70] ECF No. 14 at 15.

of action for deceptive trade practices against the HOA.[71]  And SFR is granted a default judgment against foreclosed upon and defaulting homeowner Cruz.

  IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's Motion for Default Judgment against Crossdefendant Cleotilda Cruz **[ECF No. 46] is GRANTED in part.**

  IT IS FURTHER ORDERED that **the HOA's Motion for Summary Judgment [ECF No. 47] is GRANTED in part; summary judgment is entered against the Bank of New York Mellon on its Deceptive Trade Practices claim**;

  IT IS FURTHER ORDERED that the Bank of New York Mellon's Motion for Summary Judgment **[ECF No. 48] is GRANTED in part** as set forth herein;

  And because this order resolves all pending claims against all parties, with good cause appearing and no reason to delay, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that **the Clerk of Court is directed to ENTER FINAL JUDGMENT as follows and CLOSE THIS CASE:**

- Judgment is entered in favor of the Bank of New York Mellon as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-57CB, Mortgage Pass-through certificates, Series 2005-57CB on the competing equitable quiet-title claims based on a tender theory;

- Judgment is entered in favor of the Sunrise Ridge Master Homeowners Association on the bank's deceptive-trade-practices claim;

- Default judgment is entered in favor of SFR Investments Pool 1, LLC and against Crossdefendant Cleotilda Cruz, declaring that Cleotilda Cruz has no right, title, or interest

---

[71] ECF No. 1 at 13.

in the property located at 6428 Tumblegrass Court, Las Vegas, Nevada, as a result of the June 2013 foreclosure sale to SFR; and

- IT IS HEREBY DECLARED that the June 2013 foreclosure sale of the property located at 6428 Tumblegrass Court, Las Vegas, Nevada, did not extinguish the deed of trust recorded as instrument number 20050930-0001995 in the records of the Clark County Recorder's Office on September 30, 2005, so SFR Investments Pool 1, LLC, purchased that property subject to the deed of trust.
- All remaining claims and theories are dismissed as moot.

Dated: April 28, 2020

_____
U.S. District Judge Jennifer A. Dorsey